**DISTRICT OF COLUMBIA, Appellant,**

v.

**Philip Harrison FISHER, Appellee.**

**No. 4975.**

District of Columbia Court of Appeals.

Argued Sept. 22, 1969.

Decided Nov. 7, 1969.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Hubert B. Pair, Acting Corp. Counsel at the time the brief was filed, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellant.

Mark P. Friedlander, Jr., Washington, D. C., with whom Mark P. Friedlander, Blaine P. Friedlander, Harry P. Friedlander, Marshall H. Brooks and Jerome P. Friedlander, II, Washington, D. C., were on the brief, for appellee.

1. D.C.Code 1967, § 47–2339(c).

2. Opinion of Corporation Counsel, January 3, 1968, "Review of decision of Board of

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge:

Appellee, a dealer in works of fine art including some Old Masters, was notified by the Department of Licenses and Inspections that he was required to obtain a secondhand dealer's license.[1] He appealed this notification to the Board of Appeals and Review. The Board, after a full hearing at which the Department was represented by Corporation Counsel, concluded that appellee was not a dealer in secondhand personal property within the meaning of the statute and that he need not obtain a license. The government petitioned for a rehearing, which was denied.

Following the denial of the government's petition, the then Board of Commissioners (now, the Commissioner) of the District of Columbia requested the Corporation Counsel's opinion as to whether or not the Commissioners had the authority to review decisions made by the Board of Appeals and Review. Corporation Counsel rendered the opinion [2] stating that the Commissioners had not reserved the right of review to themselves; that, however, insofar as the decisions related to questions of law, they were subject to opinions and rulings of the Corporation Counsel; that dealers in old paintings are required under the statute to get a secondhand dealer's license; and, finally, that "the Department [of Licenses and Inspections] in future cases involving art galleries in the District, including the Fisher Galleries, should be guided by this opinion and not by the decision of the Board of Appeals and Review in this case."

Shortly thereafter, Corporation Counsel filed an information against appellee charging him with dealing without a secondhand dealer's license. The trial court

Appeals and Review. (Fisher, Philip Harrison)."

granted appellee's motion to dismiss on the grounds that the Board of Appeals and Review was properly within its jurisdiction and its decision was binding on both parties and that, even if the matter were not foreclosed by the Board's decision, the court concurred in its findings. .

 The issue in this case is whether or not the District of Columbia is bound by the prior administrative decision of the Board of Appeals and Review and estopped to criminally prosecute appellee as a non-licensed dealer.[3]

We hold that it is and affirm the trial court's action in dismissing the information.

The express purpose of the Board of Appeals and Review is to provide a final administrative remedy in cases such as the one at bar.[4] The government attempts to distinguish between the Board's decisions involving findings of fact and those involving conclusions of law, admitting that it is bound by the former but contending that it is not bound by the latter. This argument is hardly tenable in light of the fact that Order No. 112, *supra* n. 4, also

expressly authorizes the Board to make conclusions of ·law.[5]

We think it significant, too, that the Commissioners did not request Corporation Counsel's opinion on the merits of the case but, rather, whether or not the *Commissioners* could review the decision (appellant's brief, appendix p. i). Order No. 50, *supra* n. 5, does not authorize Corporation Counsel to review a case in which it represents a party-litigant when decided adversely to the party.

Although the Board "may * * * request directly of the Corporation Counsel, D. C., his opinion upon any question of law involved in any case pending before" it,[6] no such request was made in the instant case and there was no opinion in existence for the guidance of the Board at the time of its decision. Where there is no opinion of Corporation Counsel on the issue(s) in question, the Board is free to arrive at its own conclusions of law, which it did in this case.

Further, we do not read Orders No. 50 and 112 as allowing the government the

---

3. The issue of whether or not fine art is secondhand personal property within the meaning of the Code was briefed by both sides but not argued. We need not and do not reach it here.

4. The pertinent parts of Organization Order No. 112, D.C.Code 1967, Title I-Appendix, p. 68, read as follows:

PART IB. *Purpose* * * *:

1. The Board of Appeals and Review is an administrative agency in the Government of the District of Columbia providing a final administrative remedy in those cases assigned to it.

* * * * *

C. *Functions.*—The Board of Appeals and Review shall consider on appeal decisions in the following types of ·cases, where error is alleged by the appellants, and make a final determination sustaining, reversing or modifying the action from which the appeal is taken:

* * * * *
2. Appeals submitted * * * by persons directed to act * * * in accordance with * * * regulatory requirements * * *.
* * * * *

5. Organization Order No. 112, D.C.Code 1967, Title I-Appendix, p. 152, Part I D (2) (a) (2) (d) (iii). This authorization is subject to the provisions of the second paragraph of Part II A (a), Reorganization Order No. 50, D.C.Code 1967, Title I-Appendix, p. 133, which states that Corporation Counsel has the responsibility of rendering written opinions to the D. C. Commissioners upon request. "Such opinions, in the absence of specific action by the Board of Commissioners to the contrary, or until overruled by controlling court decision, shall be the guiding statement of law, to be followed by all District officers and employees in the performance of their official duties."

6. *Id.*, Order No. 112, Part I(D) (2) (e).

privilege of appealing the final decisions of a duly authorized administrative agency in the guise of a criminal prosecution. Corporation Counsel concedes in its brief that while the citizen has a right to appeal to the courts from a Board decision, "[t]he administrative agency whose action is challenged * * * has no such right of judicial review from an adverse decision of the Board."[7]

The issue of whether appellee was a secondhand dealer and, therefore, required to have a license was fully litigated before the Board of Appeals. We hold that the government is collaterally estopped to relitigate this issue in a criminal prosecution against appellee.[8] United States v. Baltimore & O. R. R., 229 U.S. 244, 33 S. Ct. 850, 57 L.Ed. 1169 (1913).

Affirmed.

7. We find such procedures objectionable, more so because a citizen's liberty is at stake. An unlicensed dealer is subject, upon conviction, to a fine and imprisonment of up to 90 days. D.C.Code 1967, § 47–2347.

8. It was conceded by both parties that there was no change in the facts in the case at bar from the date of the Board's decision to the date of the filing of the information.